# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Kowalski*, 2011 IL App (2d) 100237

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL G. KOWALSKI, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-10-0237 |
| Filed | July 28, 2011 |
| Rehearing denied | September 6, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's conviction for unlawful possession of drug paraphernalia was reversed where the trial court erred in denying his motion to suppress a pipe with cannabis residue discovered in a warrantless search conducted pursuant to fire department policy in preparation to transport defendant for medical treatment following a bar fight, since there was no evidence defendant committed a crime or was armed and dangerous or that the search was limited to a search for weapons and there was no other justification for the search. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 08-CM-5239; the Hon. Karen M. Wilson, Judge, presiding. |
| Judgment | JUSTICE BOWMAN delivered the judgment of the court, with opinion.<br>Presiding Justice Jorgensen and Justice McLaren concurred in the judgment and opinion. |

| Counsel on Appeal | Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant. |
| | Robert B. Berlin, State's Attorney, of Wheaton (Lisa Anne Hoffman, Assistant State's Attorney, Lawrence M. Bauer and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

| Panel | JUSTICE BOWMAN delivered the judgment of the court, with opinion.<br><br>Presiding Justice Jorgensen and Justice McLaren concurred in the judgment and opinion. |

## OPINION

¶ 1 Following a stipulated bench trial, defendant, Michael G. Kowalski, was convicted of possession of drug paraphernalia (720 ILCS 600/3.5 (West 2008)). The trial court sentenced him to 30 days in jail and 12 months' probation. Defendant appeals, contending that the trial court erred in denying his motion to suppress evidence. For the reasons that follow, we reverse.

¶ 2 BACKGROUND

¶ 3 The only witness to testify at the hearing on defendant's motion to suppress was Officer John Gaw of the Lisle police department. He gave the following testimony. In the early morning hours of September 7, 2008, he responded to a call of a bar fight. When Gaw arrived, he observed defendant sitting on the stairs outside the bar. Defendant was highly intoxicated and had blood on his face and clothing. It was "apparent" that defendant was the victim of the fight. Because defendant required medical attention and because of defendant's intoxicated state, Gaw assisted defendant to the waiting ambulance. Prior to placing defendant in the ambulance, and according to the fire department's policy that anyone involved in a call involving violence be searched before entering an ambulance, Gaw conducted a search of defendant. In defendant's front pants pocket, Gaw found a small, metal pipe containing some burned cannabis residue in the bowl area. When Gaw searched defendant, defendant was not under arrest, defendant was not a suspect of any kind, Gaw did not possess a warrant to search defendant, and defendant did not consent to a search of his person. In addition, defendant did not display any aggression toward Gaw or any other person.

¶ 4 After taking the matter under advisement, the trial court denied defendant's motion to suppress. The trial court stated that it was extending the holding of *Terry v. Ohio*, 392 U.S. 1 (1968), to allow for a weapons search of a person who is to be transported in an ambulance

where an officer reasonably believes the person might be armed. The trial court also likened the situation to one where an officer conducts a weapons pat-down search before giving a citizen a courtesy transport in a squad car. Defendant filed a motion to reconsider the ruling on his motion to suppress, which the trial court denied.

¶ 5 The trial court found defendant guilty of possession of drug paraphernalia and sentenced him to 30 days in the county jail and 12 months' probation. Defendant timely appeals.

¶ 6                                                    ANALYSIS

¶ 7 On appeal, defendant contends that the trial court erred in denying his motion to suppress evidence, because Gaw lacked legal authority to conduct the search and, even if Gaw was legally authorized to conduct a search, the search he conducted exceeded the legally permissible scope. Because we agree with defendant's latter argument, we reverse his conviction.

¶ 8 In reviewing the trial court's ruling on a motion to suppress, we will reverse the trial court's factual findings only if they are against the manifest weight of the evidence; however, we will review *de novo* the ultimate question of whether the evidence should have been suppressed. *People v. Queen*, 369 Ill. App. 3d 211, 214 (2006).

¶ 9 Although a defendant initially bears the burden of proof on a motion to suppress, where a defendant makes a *prima facie* case that the evidence was obtained by an illegal search or seizure, the burden shifts to the State to go forward with evidence countering the defendant's *prima facie* case. *People v. Kveton*, 362 Ill. App. 3d 822, 832 (2005). A defendant presents a *prima facie* case when he demonstrates that the search was conducted without a warrant. See *People v. Gipson*, 203 Ill. 2d 298, 307 (2003) ("Here, defendant made his *prima facie* case by showing that Sergeant Byrd searched the trunk of defendant's car without a warrant."). Here, defendant presented his *prima facie* case when he presented evidence that Gaw did not have a warrant to search defendant. Accordingly, the burden shifted to the State to present evidence that the search of defendant was justified under a recognized exception to the warrant requirement.

¶ 10 The fourth amendment to the United States Constitution guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const., amend. IV. Generally, a warrant is necessary to satisfy the reasonableness requirement of the fourth amendment. *People v. Sorenson*, 196 Ill. 2d 425, 432 (2001).

¶ 11 The trial court found that the warrantless search of defendant was justified, in part, by an extension of the warrant exception recognized in *Terry*. Under *Terry*, an officer may stop a person for temporary questioning if the officer reasonably believes that the person has committed, or is about to commit, a crime. *People v. Flowers*, 179 Ill. 2d 257, 262 (1997). In addition, if the officer reasonably believes that the person stopped is armed and dangerous, the officer may conduct a limited pat-down search to determine whether the person is, in fact, carrying a weapon. *Sorenson*, 196 Ill. 2d at 432; *Flowers*, 179 Ill. 2d at 262. Any search that goes beyond what is necessary to determine if the person is armed is not valid under *Terry*, and the fruits of such a search will be suppressed. *Sorenson*, 196 Ill. 2d at 432.

¶ 12    The search in this case was not justified under *Terry* for several reasons. First, no evidence indicated that defendant had committed or was about to commit a crime. Gaw testified that it was "apparent" that defendant was the victim of the fight and that defendant was not a suspect of any kind. Second, there was no evidence that Gaw reasonably believed defendant to be armed and dangerous. Finally, the search that Gaw conducted went beyond a pat-down search limited to determining whether defendant was armed. The evidence indicated that Gaw reached into defendant's pocket to remove the pipe. Yet, there was no evidence presented that Gaw first conducted an external pat-down of defendant and that the pipe felt like a weapon (*Sorenson*, 196 Ill. 2d at 432 (*Terry* searches must be limited to determining whether the person is armed)) or was readily identifiable as contraband (see *Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) ("If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons ***."")).

¶ 13    The trial court also found that the search was appropriate because it was analogous to a search conducted by an officer prior to giving a citizen a courtesy ride in a squad car. This court has recognized that, in the interest of the officer's safety, he may conduct a protective pat-down search for weapons prior to providing a citizen a courtesy ride in a squad car. *Queen*, 369 Ill. App. 3d at 218, 220; *People v. Smith*, 346 Ill. App. 3d 146, 164 (2004), *aff'd*, 214 Ill. 2d 338 (2005), *overruled in part on other grounds*, *People v. Luedemann*, 222 Ill. 2d 530, 548 (2006).

¶ 14    The State argues, as the trial court found, that this warrant exception should be extended to a situation where a citizen is to be transported in an ambulance. Even assuming that this exception may be properly extended in such a manner, we believe that the search conducted by Gaw exceeded the scope permitted under this exception. As the United States Supreme Court stated in *Terry*, a search for weapons without probable cause must, like any other search, be "strictly circumscribed by the exigencies which justify its initiation." *Terry*, 392 U.S. at 25-26. Accordingly, if the purpose of searching a citizen prior to providing him with a courtesy transport in a squad car or transporting him in an ambulance is to ensure the safety of the transporting officers or paramedics, then such a search, like the protective pat-down search permitted by *Terry*, should be limited to "an intrusion reasonably designed to discover guns, knives, clubs, or other hidden instruments for the assault of the police officer" or paramedic. See *Terry*, 392 U.S. at 29. As previously discussed, the State did not present any evidence that indicated that Gaw initially limited his search of defendant to a pat-down search for weapons or that the pipe felt like a weapon or other contraband. Accordingly, the State failed to counter defendant's *prima facie* case that the search conducted by Gaw was illegal.

¶ 15    The State also argues that the trial court's decision may be sustained on the ground that defendant was receiving emergency medical treatment. In support, the State cites three cases: *Vauss v. United States*, 370 F.2d 250 (D.C. Cir. 1966), *Commonwealth v. Johnson*, 969 A.2d 565 (Pa. Super. 2009), and *Commonwealth v. Keenan*, 11 Pa. D. & C.5th 289 (2010). In these cases, the courts found that the searches of the defendants' clothing, conducted while the defendants were in the throes of medical emergencies, were justified by exigent

circumstances. *Vauss*, 370 F.2d at 252 (search of the unconscious defendant for identification was justified by need to assist the defendant); *Johnson*, 969 A.2d at 572 (same); *Keenan*, 11 Pa. D. & C.5th at 302-03 (where the defendant was not a suspect, the seizure of his burned clothes was justified by the need to preserve evidence for the investigation of an arson). The State also cites *People v. Torres*, 144 Ill. App. 3d 187, 191 (1986), where the seizure of cannabis and LSD from the defendant's person while he was in the emergency room was justified by the plain-view doctrine and probable cause. Other than stating that defendant in this case, like the defendants in those cases, required medical attention, the State does not explain what exigent circumstances justified the search of defendant. Nor does the State contend that the search of defendant was justified by the plain-view doctrine or probable cause. Rather, the State simply states that a person receiving emergency medical treatment has a diminished expectation of privacy. Yet, none of the cited cases supports such a contention, and we decline to so hold.

¶ 16 In sum, we conclude that the trial court erred in denying defendant's motion to suppress. The search of defendant cannot be justified under *Terry,* because there was no evidence that defendant had committed or was about to commit a crime, that defendant was armed and dangerous, and that Gaw's search was limited to a search for weapons. In addition, even assuming that Gaw was justified in performing a protective search of defendant before defendant was transported in the ambulance, any such search should have been limited to a search for weapons, and there was no evidence that the search of defendant was so limited. The State has offered no other viable justification for the search of defendant. Accordingly, defendant's motion to suppress should have been granted and evidence of Gaw's discovery of the pipe should not have been admitted. Without evidence of the pipe, defendant could not have been convicted, and his conviction must be reversed. *People v. Staple*, 345 Ill. App. 3d 814, 821 (2004).

¶ 17                                                   CONCLUSION
¶ 18       The judgment of the circuit court of Du Page County is reversed.

¶ 19       Reversed.