**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180440-U

Order filed November 5, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0440 Circuit No. 17-CF-749 |
| ANTHONY MARTWON PROTHO, | ) ) ) | Honorable Kevin W. Lyons, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE O'BRIEN delivered the judgment of the court.
Presiding Justice Lytton and Justice Carter concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:   The State failed to present evidence rebutting defendant's *prima facie* case that the officers lacked probable cause or reasonable suspicion to conduct the traffic stop that led to the charges in the instant case.

¶ 2    Defendant, Anthony Martwon Protho, appeals his conviction for aggravated unlawful use of a weapon (AUUW). Defendant argues the Peoria County circuit court erred by denying his motion to suppress evidence. We reverse and remand.

¶ 3                                          I. BACKGROUND

¶ 4　　　　The State charged defendant with AUUW (720 ILCS 5/24-1.6(a)(1), (a)(3)(D) (West 2016)), alleging the following:

> "[H]e knowingly carried on or about his person in a motor vehicle a handgun while located on a public street *** and [he] has been previously adjudicated a delinquent minor under the Juvenile Court Act for the offense of mob action which would have been a felony if he was an adult at the time."

¶ 5　　　　During the hearing on defendant's motion to suppress evidence, Corionna Mitchell-Pastoriza testified that she was driving the vehicle in which defendant was a passenger when officers conducted a stop. She testified that, prior to the traffic stop, she signaled her turn more than 100 feet before reaching an intersection. An officer walked to her window, asked for her license and proof of insurance, and commented that he could smell cannabis. The officer asked to search the vehicle, and Mitchell-Pastoriza consented. The officers took defendant's backpack. Another officer arrived with a drug-detection dog to sniff defendant's bag. The officer had the dog sniff three items, including defendant's backpack. The dog scratched and sniffed the other items, but left defendant's bag alone. Mitchell-Pastoriza received a citation for a turn signal violation, to which she pled guilty in traffic court.

¶ 6　　　　Defendant testified that Mitchell-Pastoriza signaled 100 feet before the intersection. He was paying attention to her driving because he was giving her directions, and he could hear the ticking sound associated with a turn signal. Defendant testified that, when the dog sniffed his bag and the two other items, it scratched at the first item but initially ignored his bag. Officers then opened his bag, and the dog put its head inside.

¶ 7　　　　Officer Christopher Heaton of the Peoria Police Department testified that he was a canine officer, and that the dog used to search defendant's bag was trained to detect cannabis, heroin, and

cocaine. The dog would alert to the presence of these substances by scratching. Heaton testified that he placed two known nonnarcotic items next to the backpack. The dog alerted to defendant's backpack. No officer present recorded this search.

¶ 8        Sergeant James Chiola of the Peoria Police Department testified that he acted as backup for Officer Corey Miller, who initiated the traffic stop. Chiola could smell cannabis through an open window in the vehicle. He confiscated defendant's backpack to ensure it did not contain any weapons. Defendant said that the backpack belonged to him, and he gave consent for Chiola to search it. Chiola found a metal lockbox inside. Defendant did not consent to a search of the lockbox. Officers obtained a search warrant for the lockbox, which contained a handgun.

¶ 9        After defense counsel finished his argument, the court told the State that it "[didn't] have to say anything." The court denied defendant's motion to suppress evidence, holding that the stop was justified since Mitchell-Pastoriza pled guilty to the citation.

¶ 10       After a stipulated bench trial, the court found defendant guilty of AUUW. Per the parties' agreement, the court sentenced defendant to 24 months of probation. Defendant appeals.

¶ 11                                     II. ANALYSIS

¶ 12       Defendant argues that the court erred by denying his motion because the State failed to present evidence demonstrating that the traffic stop was justified. We agree. During the motion hearing, defendant made a *prima facie* case that the traffic stop lacked justification, which shifted the burden to the State to counter defendant's *prima facie* case. The State did not satisfy this burden; therefore, the court erred by denying defendant's motion.

¶ 13       We review a circuit court's ruling on a motion to suppress evidence under a two-part test. *People v. Absher*, 242 Ill. 2d 77, 82 (2011). "The circuit court's factual findings are upheld unless

3

they are against the manifest weight of the evidence." *Id.* We review *de novo* whether suppression is warranted. *Id.*

¶ 14　　　　During a suppression hearing, "[a] defendant must make a *prima facie* case that the evidence was obtained by an illegal search or seizure. [Citation.] If a defendant makes a *prima facie* case, the State has the burden of going forward with evidence to counter the defendant's *prima facie* case." *People v. Gipson*, 203 Ill. 2d 298, 306-07 (2003). If the State fails to do so, the evidence should be suppressed. See *People v. Kowalski*, 2011 IL App (2d) 100237, ¶¶ 12-16 (reversing the denial of defendant's motion to suppress evidence where the State failed to present evidence justifying the challenged search).

¶ 15　　　　The fourth amendment's reasonableness requirement applies to traffic stops, as a traffic stop constitutes a seizure under the fourth amendment. *People v. Close*, 238 Ill. 2d 497, 504-05 (2010). A stop "must be justified at its inception." *Id.* at 505. A stop is considered reasonable if an officer can " 'point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' " a stop. *Id.* (quoting *Terry v. Ohio*, 392 U.S. 1, 21 (1968)).

¶ 16　　　　Here, defendant presented a *prima facie* case that the traffic stop was unlawful when both he and Mitchell-Pastoriza testified that Mitchell-Pastoriza signaled her turn for at least 100 feet before reaching the intersection. This testimony shifted the burden onto the State, which was obligated to present evidence countering defendant's *prima facie* case. See *Gipson*, 203 Ill. 2d at 307. The State failed to do this. The State called two witnesses, Heaton and Chiola, whose respective testimonies focused on the searches of defendant's bag and the lockbox therein, including the dog's conduct when it sniffed defendant's bag. However, the State neglected to call Officer Miller, who initiated the traffic stop, or have either of their witnesses testify regarding the circumstances motivating the decision to conduct the stop. The court should have granted

defendant's motion to suppress, as the State did not present evidence countering defendant's *prima facie* case that the traffic stop lacked probable cause or reasonable suspicion. See *Kowalski*, 2011 IL App (2d) 100237, ¶ 16.

¶ 17    The State argues that the court correctly held that Mitchell-Pastoriza's guilty plea to the traffic citation satisfied its obligation to show that the traffic stop was justified. However, the State did not present evidence of her guilty plea during the suppression hearing. Instead, Mitchell-Pastoriza discussed her guilty plea during her testimony. This did not negate the State's obligation to present evidence countering defendant's *prima facie* case that the traffic stop lacked probable cause or reasonable suspicion. See *Gipson*, 203 Ill. 2d at 307 (the court may not relieve the State of its burden to counter a defendant's *prima facie* case, once one has been made, in a suppression hearing). The court erred in finding otherwise. Because the State failed to counter defendant's *prima facie* case, the court erred by denying defendant's motion to suppress evidence.

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of Peoria County is reversed and remanded.

¶ 20    Reversed and remanded.

5